IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:08-1110-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LaFRANKIE DONTAY ROSEBOROUGH | ) | |
| _____ | ) | |

This matter is before the court upon motion of the defendant, through counsel, for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA) and the recent Supreme Court decision in *Dorsey v. United States*, ___ U.S. ___, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

On July 27, 2010,[1] prior to the FSA taking effect on August 3, 2010, the defendant was sentenced to a mandatory minimum term of imprisonment of 120 months under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) for possession with intent to distribute five grams or more of crack cocaine. His guideline range was calculated at 92 to 115 months. However, he was subject to a mandatory minimum sentence of 120 months.

Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the court may reduce the term of imprisonment after considering the factors set forth in § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

---

[1] The defendant's judgment and commitment order was entered on July 29, 2010.

1

Part A of Amendment 750 altered the offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses. The Fair Sentencing Act of 2010—which statutorily changed the threshold quantities of crack cocaine that trigger mandatory minimum sentences under 21 USC Section 841(b)—directed the Sentencing Commission to lower these offense levels, thus Amendment 750 became effective on November 1, 2011, and was made retroactive. It provides a two-level reduction in the offense level and applies to eligible defendants who were sentenced for crack offenses under the Guidelines and who are not subject to statutory mandatory minimum sentences. In *Dillon v. United States*, 130 S. Ct. 2682 (2010), the Supreme Court explained that under § 3582, "Congress intended [a Section 3582 motion] to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing hearing."

The defendant's original guideline range was 92 to 115 months under § 2D1.1 and other provisions. However, the defendant faced a mandatory minimum sentence of 120 months. Section 5G1.1(b) of the Guidelines provides that where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily minimum sentence shall be the guideline sentence. In other words, the statute trumps the Guidelines. Here the mandatory minimum of 120 months exceeded the range of 92 to 115 months, so the sentence became 120 months. The court explained this in its order of March 7, 2012 (ECF No. 94) wherein it denied the defendant's first motion for a reduction under § 3582.

In his present motion, the defendant argues that the changes brought about by the FSA would alter the defendant's sentence so that he would be subject to no mandatory minimum, Amendment 750 would now apply, and his guideline range would be 51 to 63 months. The defendant contends that *Dorsey* has now recognized that Congress intended for the FSA to apply to those whose conduct and sentencings occurred prior to August 3, 2010. He further argues, relying on Seventh Circuit case law in *United States v. Holcomb*, 657 F.3d 445, 446 (7th Cir. 2011), that nothing in the statutory law or case law prohibits full retroactivity of the FSA to those sentenced to mandatory minimums under the pre-FSA statutory scheme. The defendant submits that applying the FSA only to those sentenced after August 3, 2010 would arbitrarily create further inequities which Congress clearly intended to eliminate. Finally, the defendant argues that any interpretation that the Supreme Court has ruled on whether the FSA is retroactive to those sentenced prior to August 3 can only be based on *dicta*.

This court's reading of *Dorsey* does not provide for retroactive application of the FSA to any defendant convicted before August 3, 2010. Indeed, the Fourth Circuit has made this clear in its published opinion in *United States v. Mouzone,* 687 F.3d 207 (4th Cir. 2012) where it stated:

> Finally, Fleming contends that the Fair Sentencing Act of 2010 should be applied retroactively to his sentence. We disagree. The Act took effect on August 3, 2010, and although in some instances it applies retroactively, *see Dorsey v. United States*, ––– U.S. –––, 132 S.Ct. 2321, 2335–36, 183 L.Ed.2d 250 (2012), the timing of Fleming's crimes and sentencing fail to meet the criteria for such application. Fleming was sentenced on July 9, 2010, and the Act applies retroactively only to "offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Id*. at 2331.

3

In his reply, the defendant argues that the Fourth Circuit has misapplied the *Dorsey* decision and its interpretation of *Mouzone* is an overstatement of *Dorsey*. However, this court will follow the binding authority of the Fourth Circuit in *United States v. Bullard*, 645 F.3d 237, 238–49 (4th Cir. 2011) wherein it agreed that the FSA contains no express statement of retroactivity nor can such an intent be inferred from its language.

For the foregoing reasons, the defendant's motion (ECF No. 99) is denied. Defendant's *pro se* motion (ECF No. 98) is denied as well.

IT IS SO ORDERED.

September 7, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4